443 A.2d 1191

**Gail BRANTNER, Appellant,**

v.

**Melvin A. BRANTNER.**

Superior Court of Pennsylvania.

Argued Jan. 12, 1982.

Filed April 2, 1982.

Kenneth W. Kubrick, Pittsburgh, for appellant.

Melvin A. Brantner, did not file a brief on behalf of appellee, in pro. per.

Before HESTER, BECK and VAN der VOORT, JJ.

PER CURIAM:

The parties entered into a consent support order on June 21, 1979. As appellee-husband was in arrears, an enforcement hearing was scheduled for August 2, 1979. The case was called to court shortly before 12:00 P.M. At that time appellant and her attorney were present in court, but appellee was not. At that time, the lower court indicated it would issue a letter to appellee giving him ten days to appear before the court or else be subjected to contempt proceedings. The court informed appellant's counsel that he would be notified should appellee appear, but appellant need not appear again before the court that day. (N.T., pp. 4–5).

Later that day, while the court was conducting its afternoon session, appellee presented himself to the court. Appellant's counsel was notified and appeared; appellant could not be located. Appellee claimed that he thought the court would break for lunch at twelve thirty. (N.T., p. 6) He also indicated that he had sent in a check a day or two earlier covering two of the three missed support payments. (N.T.,

pp. 6–7). Appellee further testified that he was forced to pay off a mortgage on which appellant had failed to make monthly payments. She had agreed in the consent order to make such payments from rent received. (N.T., pp. 12–13) Appellant's counsel voiced concern over his client's absence during these proceedings. (N.T., p. 18)

The court after hearing appellee's testimony adjusted the support order to reflect appellee's claim that appellant had failed to pay the mortgage and appellee was forced to satisfy the mortgage. As the mortgage had been satisfied, appellant was no longer required to use a portion of the rental income for mortgage payments and thus could apply the full rent received to the support of herself and her children. The court reduced appellee's out of pocket support from $1050 per month to $700.

We believe the court should not have proceeded without appellant being present. The court went beyond merely enforcing a pre-existing order. In such situation prior notice should be given to all parties. See *Commonwealth ex rel. Magrini v. Magrini*, 263 Pa. Superior Ct. 366, 398 A.2d 179 (1979).

Order vacated and the record is remanded for proceedings not inconsistent with this Opinion. We do not retain jurisdiction.